**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARILYN YVETTE COOK,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO COUNTY, et al.,<br><br>Defendants. | No. 2:21-CV-0893-DMC-P<br><br><br><br>ORDER |

    Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names Sacramento County and Sheriff Scott R. Jones as defendants. ECF No. 1, pg. 2. Plaintiff alleges the following:

> My constitutional and inalienable rights have been violated. Furthermore, I have suffered [], crimes against humanity, and war crimes as a pretrial detainee at Sac. Co. main jail. [] The disadvantages of federalism is the states and local governments can block important national policies such as civil rights (2) allows the power of local interest to go unchecked and allows for [] variations on how people are treated. Sac. Co. jail has treated me and other pretrial detainees as if we are enemies of the state when we are not.

Id. at 3.

## II. DISCUSSION

Plaintiff complaint is insufficient. Specifically, Plaintiff fails to allege an actual connection or link between the actions of the named Defendants and the alleged deprivations.

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth

1 specific facts as to each individual defendant's causal role in the alleged constitutional
2 deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).
3       Here, Plaintiff does not even mention Defendant Jones in Plaintiff's supporting
4 facts.  Additionally, there is no mention of any actions taken by any person or entity in Plaintiff's
5 supporting facts.  Plaintiff will be provided an opportunity to amend.  Upon amending, Plaintiff
6 should keep in mind the following:  as to each Defendant, Plaintiff must allege which Defendant
7 took what action that caused which specific constitutional violation.
8       Further, Plaintiff references a complaint that was allegedly mailed to the U.S. clerk
9 on April 29, 2021.  Plaintiff is advised that the Court cannot refer to a prior pleading in order to
10 make Plaintiff's complaint complete.  See Local Rule 220.  A complaint must be complete in
11 itself without reference to any prior pleading.  Id.
12
13       **III.  CONCLUSION**
14       Because it is possible that the deficiencies identified in this order may be cured by
15 amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire
16 action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is
17 informed that, as a general rule, an amended complaint supersedes the original complaint.  See
18 Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to
19 amend, all claims alleged in the original complaint which are not alleged in the amended
20 complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if
21 Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make
22 Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be
23 complete in itself without reference to any prior pleading.  See id.
24       If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate
25 how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional
26 rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific
27 terms how each named defendant is involved and must set forth some affirmative link or
28 connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto,

633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file a first amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's original complaint is dismissed with leave to amend; and

2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated:  January 7, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

4