IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILYN YVETTE COOK,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO COUNTY, et al.,<br><br>Defendants. | No.  2:21-CV-0893-WBS-DMC-P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

   Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's first amended complaint, ECF No. 33.

   The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1    rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege
2    with at least some degree of particularity overt acts by specific defendants which support the
3    claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is
4    impossible for the Court to conduct the screening required by law when the allegations are vague
5    and conclusory.

6            In addressing Plaintiff's original complaint against Defendants Scott Jones, the
7    Sheriff of Sacramento County, and the County of Sacramento, the Court noted Plaintiff's failure
8    to link either defendant to a constitutional violation.  See ECF No. 19.  Plaintiff was directed to
9    file a first amended complaint and, following numerous extensions of time, Plaintiff has
10   complied.

11           In the two-page first amended complaint, which continues to name as defendants
12   Jones and Sacramento County, Plaintiff alleges:

> My Constitutional and inalienable rights have been violated because I was held illegally for violation of 18 U.S.C. 3148.  False imprisonment.  Forcing me to sign a plea that I never would have signed if I hadn't been falsely detained.

Id. at 1.

17           Plaintiff's first amended complaint continues to suffer the same defect identified in
18   the prior screening order addressing Plaintiff's original complaint.  In particular, as with the
19   original complaint, the first amended complaint makes no specific references to either named
20   defendant.

21           Plaintiff's first amended complaint suffers additional defects.  First to Defendant
22   Sacramento, Plaintiff has not alleged sufficient facts to establish municipal liability.
23   Municipalities and other local government units are among those "persons" to whom § 1983
24   liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and
25   municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also
26   Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local government unit,
27   however, may not be held responsible for the acts of its employees or officials under a respondeat
28   superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997).

1  Thus, municipal liability must rest on the actions of the muncipality, and not of the actions of its
2  employees or officers. See id. To assert municipal liability, therefore, the plaintiff must allege
3  that the constitutional deprivation complained of resulted from a policy or custom of the
4  municipality. See id.
5     In this case, Plaintiff's first amended complaint makes no reference to Sacramento
6  County let alone an official policy or custom resulting in a constitutional violation.
7     Second, it now appears that the entire action is Heck-barred.  When a state prisoner
8  challenges the legality of his custody and the relief he seeks is a determination that he is entitled
9  to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983 and
10 the prisoner's sole federal remedy is a petition for a writ of habeas corpus.  See Preiser v.
11 Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir.
12 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam).  Thus, where
13 a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations
14 which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence,
15 or the result of a prison disciplinary hearing resulting in imposition of a sanction affecting the
16 overall length of confinement, such a claim is not cognizable under § 1983 unless the conviction
17 or sentence has first been invalidated on appeal, by habeas petition, or through some similar
18 proceeding.  See Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 claim
19 not cognizable because allegations were akin to malicious prosecution action which includes as
20 an element a finding that the criminal proceeding was concluded in plaintiff's favor); Butterfield
21 v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable
22 because allegations of procedural defects were an attempt to challenge substantive result in parole
23 hearing); cf. Neal, 131 F.3d at 824 (concluding that § 1983 claim was cognizable because
24 challenge was to conditions for parole eligibility and not to any particular parole determination);
25 cf. Wilkinson v. Dotson, 544 U.S. 74 (2005) (concluding that § 1983 action seeking changes in
26 procedures for determining when an inmate is eligible for parole consideration not barred because
27 changed procedures would hasten future parole consideration and not affect any earlier parole
28 determination under the prior procedures).

1            Here, Plaintiff appears to allege that her constitutional rights were violated
2    because she entered an invalid plea agreement.  If true, this would necessarily imply the
3    invalidity of her conviction.  As such, the claim would be barred.
4            Because it does not appear possible that the deficiencies identified herein can be
5    cured by amending the complaint, Plaintiff is not entitled to leave to amend prior to dismissal of
6    the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).
7            Based on the foregoing, the undersigned recommends that this action be dismissed
8    for failure to state a claim.
9            These findings and recommendations are submitted to the United States District
10   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days
11   after being served with these findings and recommendations, any party may file written
12   objections with the court.  Responses to objections shall be filed within 14 days after service of
13   objections.  Failure to file objections within the specified time may waive the right to appeal.  See
14   Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

16   Dated:  January 24, 2023

17                                                          _____
                                                            DENNIS M. COTA
18                                                          UNITED STATES MAGISTRATE JUDGE